UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE HORVATH,

    Plaintiff,

v.

NANCY A. BERRYHILL,

    Defendant.

Case No. 17-13746
Honorable Laurie J. Michelson

**ORDER GRANTING IN PART MOTION FOR ATTORNEY'S FEES [18]**

Plaintiff George Horvath was denied disability benefits by the Social Security Administration and appealed to this Court for review with the help of his attorney, Wesley J. Lamey. After the parties agreed to remand the case to the Commissioner of Social Security, an Administrative Law Judge determined that Horvath is disabled, and the Social Security Administration awarded prospective and retroactive benefits. Attorney Lamey now petitions the Court for an award of attorney's fees pursuant to 42 U.S.C. § 406(b).

**I.**

Shortly after he applied for disability insurance benefits in the spring of 2015, Horvath hired Ball Johnson, O.C., Attorneys at Law to represent him at all stages of the application and appeals process with the Social Security Administration. (ECF No. 18-3, PageID.427.) Horvath entered into a contingency-fee agreement with the law firm. (*See* ECF No. 18-3.) In relevant part, the agreement provided: "If the claimant is awarded benefits by the Appeals Council or by a Federal Court, or following an Order of Remand issued by the Appeals Council or Federal Court, the fee shall be 25% of the total past due benefits to the Claimant and/or the Claimant's family." (*Id.* at PageID.427.) Attorney Lamey represented Horvath at the hearing before an administrative

law judge (ALJ) in June 2016. (ECF No. 12, PageID.373.) After the ALJ denied Horvath's application, Lamey filed a civil action on Horvath's behalf with this Court to appeal the decision. (*Id.* at PageID.374; ECF No. 1.)

Shortly before filing the complaint with this Court, Horvath and Ball Johnson entered into a second contingency-fee contract "for representation in federal court." (ECF No. 18-4, PageID.429.) The agreement states that

> I further understand that any fee awarded to my attorney for the court representation is separate from the work performed at the administrative level. Fees for administrative work are covered by a separate fee agreement and are applicable if counsel also represents the client administratively. I understand that representation in court will not cost me more than 25% of the past due benefits for myself and dependents.

(*Id.*)

After Horvath filed a motion for summary judgment (*see* ECF No. 12), the parties stipulated to remand the case to the Commissioner for further proceedings (ECF No. 15). On remand, the ALJ found that Horvath was disabled as of January 10, 2016 and thus entitled to disability benefits. (ECF No. 18-1.) Horvath was awarded a total of $59,244.00 in past-due benefits. (ECF No. 18-2, PageID.420.)

The parties submitted a joint stipulation for an award of attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, in the amount of $2,975.00, which the Court approved. (ECF No. 17.)

Horvath, through Attorney Lamey, now requests an award of attorney's fees under 42 U.S.C. § 406(b) for Lamey's work before this Court. (ECF No. 18.) Lamey requests an award of $14,811.00, which is equal to 25 percent of Horvath's past-due benefits. (*Id.* at PageID.399, 402.) This amount is currently being held by the SSA pending a determination of attorney's fees. (ECF No. 18-2, PageID.420.)

2

**II.**

Section 406(b) of the Social Security Act authorizes the Court to award attorney's fees following the successful disposition of a Social Security disability appeal. The statute allows the Court to "determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits." 42 U.S.C. § 406(b)(1)(A). Any award under § 406(b) is taken from the claimant's awarded past-due benefits. *Id.*

**III.**

Lamey argues that he is entitled to a fee equal to 25 percent of Horvath's past-due benefits pursuant to the two contingency-fee agreements Horvath signed. (ECF No. 18, PageID.400–401.) His request is not opposed by the Commissioner. Even so, the Court has an independent obligation to assess the reasonableness of an attorney's fee request. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

Because the Social Security Act does not displace contingency-fee agreements that are within the 25 percent ceiling, due deference should be given to those agreements. *Gisbrecht*, 535 U.S. at 793. As long as the contingency fee is 25 percent or less, there is a rebuttable presumption that an attorney should receive the full contingency fee under the contract; but the presumption is rebutted if "1) the attorney engaged in improper conduct or was ineffective, or 2) the attorney would enjoy an undeserved windfall due to the client's large back pay award or the attorney's relatively minimal effort." *Hayes v. Sec'y of HHS*, 923 F.2d 418, 419 (6th Cir. 1990). Here, there is no indication that Lamey was ineffective or engaged in improper conduct. But the award Lamey seeks may be a windfall given the large size of the award relative to the number of hours spent working on the case.

A windfall cannot occur when the hypothetical hourly rate (determined by dividing the total fee award requested by the number of hours worked) is less than twice the standard rate for such work in the relevant market. *See id.* at 422. The multiplier of two recognizes that social security attorneys principally work on contingency and are successful in approximately 50 percent of the cases they file in court. *Id.* The hypothetical hourly rate for the 17 hours Lamey spent on this case would be $871. The Sixth Circuit has not defined "standard rate" and courts in this District have found a wide range of standard rates. *See, e.g.*, *Sykes v. Comm'r of Soc. Sec.*, 144 F. Supp. 3d 919, 926 (E.D. Mich. 2015) (finding a standard rate of $395 for public benefits lawyers in Michigan based on the 95th percentile reported by the State Bar of Michigan); *Riddle v. Comm'r of Soc. Sec.*, No. 17-10905, 2020 WL 4108692, at *3 (E.D. Mich. June 26, 2020), *report and recommendation adopted*, No. 17-10905, 2020 WL 4050458 (E.D. Mich. July 20, 2020) (noting that courts in the circuit have found standard hourly rates from under $200 to approximately $500); *Staple v. Comm'r of Soc. Sec.*, No. 16-CV-12648, 2019 WL 4891476, at *3 (E.D. Mich. Sept. 9, 2019) (finding a standard rate of $283 based on the 75th percentile for public benefits attorneys reported by the State Bar of Michigan); *Szostek v. Berryhill*, No. CV 14-11531, 2017 WL 6943420, at *2 (E.D. Mich. Nov. 22, 2017), *report and recommendation adopted sub nom. Szostek v. Comm'r of Soc. Sec.*, No. 14-11531, 2018 WL 398443 (E.D. Mich. Jan. 12, 2018) ("A review of recent cases from this district reveals that an hourly rate of $250 to $500 is considered standard and that doubling and tripling that rate has been deemed appropriate for fees in disability benefits cases under *Hayes* and its progeny.").

The parties have not provided any argument on this point, so the Court will follow a number of its sister courts and look to data released by the State Bar of Michigan. *See Economics of Law Practice in Michigan*, *The 2020 Desktop Reference on the Economics of Law Practice in*

*Michigan*, State Bar of Michigan (2020), https://perma.cc/P8WT-8L93. According to the report, the median hourly rate for a public benefits attorney is Michigan is $175, and the 95th percentile rate is $350. *Id.* at 12. Even considering the high-end of $350, Lamey's hypothetical rate of $871 is more than double the standard rate, and thus not entitled to a per se finding of reasonableness.

Although there is no set formula to evaluate whether an attorney would receive an undeserved windfall when the calculated hourly rate is greater than twice the standard rate, the Sixth Circuit has suggested consideration of factors including "what proportion of the hours worked constituted attorney time as opposed to clerical or paralegal time and the degree of difficulty of the case." *Hayes*, 923 F.2d at 422. And *Gisbrecht* counsels that when assessing what is a reasonable fee, courts may consider factors like the character of the representation, the results achieved, and if the benefits are large in comparison to the amount of time spent on the case. 535 U.S. at 808. Lamey makes no argument why an hourly rate of $871 is reasonable in this case. So the Court will look to the factors from *Hayes* and *Gisbrecht*.

It appears that Lamey was responsible for all 17 hours expended on the case. (*See* ECF No. 18, PageID.402; ECF No. 18-5.) Although some of the tasks listed could be considered clerical in nature, the majority of the hours spent are properly charged as attorney time. (ECF No. 18-5.) The degree of difficulty of this case was not high. Lamey filed a relatively short summary judgment brief raising one legal error. (ECF No. 12.) The Commissioner subsequently agreed to remand the case without any further work by Attorney Lamey. (ECF No. 15; ECF No. 18-5.) Although the case was not particularly difficult, and Attorney Lamey expended only a small number of hours on the case, he achieved a favorable result for his client, including both prospective and retroactive benefits.

In light of these considerations, the Court finds that the full fee requested by Attorney Lamey, which would result in an effective hourly rate of $871, would constitute a windfall. The Court finds that an effective hourly rate of $700 (double the 95th percentile rate for public benefits attorneys in Michigan) to be a reasonable, but generous, hourly rate that avoids a windfall. The Court will thus reduce the total award of attorney's fees under § 406(b) to $11,900.

## IV.

For the foregoing reasons, the Court GRANTS IN PART Horvath's motion for attorney's fees pursuant to 42 U.S.C. § 406(b). For his work before this Court, the Court grants Attorney Lamey an award of $11,900. Attorney Lamey is ordered to return the EAJA fee award of $2,975 to Horvath.

SO ORDERED.

Dated: October 7, 2020

                                                          s/Laurie J. Michelson
                                                          LAURIE J. MICHELSON
                                                          UNITED STATES DISTRICT JUDGE